CITIZENS NATIONAL BANK OF DECATUR v. INTERIOR LAND &
IMMIGRATION COMPANY.

Delivered September 24, 1896.

**1.   Execution Sale—Motion to Restrain—Parties—Injunction.**

Where a judgment defendant applies to the court in which the judgment was rendered to restrain a sale under an execution issued on the judgment, because of irregularities in the levy and notice of sale, the sheriff is not a necessary party, and the proceeding is not in the nature of a bill in equity for injunction, although the restraining order may be styled an injunction, but is merely a motion in the original action.

**2.   Same—Levy and Advertisement—Sufficiency.**

The statute (Acts 1893, p. 11) does not require that a notice of the sale of property under execution shall state whose interest in the land advertised is to be sold, where there are several execution defendants, nor the amount of the judgment, and a notice of sale is not defective in failing to contain such statements.

**3.   Same—Levy Upon Blocks.**

That real estate levied on under an execution is described in the notice of sale by blocks, instead of by lots into which the blocks are subdivided, does not affect the legality of the notice, where it is not shown that the division of the blocks into lots would affect their value.

**4.   Injunction—Ten Per Cent Damages for Delay.**

It does not follow as matter of law that, because an application for injunction is on final hearing adjudged insufficient, and the interlocutory injunction dissolved, the ten per cent damages for delay are to be awarded, since to authorize such damages, the trial judge must be "satisfied that the injunction was obtained only for delay"; and his judgment upon that question will be revised by the appellate court only when the error in refusing such damages is palpable.

APPEAL from Harris.   Tried below before Hon. S. H. BRASHEAR.

*Goldthwaite & Moody,* for appellant.—1.   Where entire blocks have been levied upon, the law does not require that the advertisement shall state that the blocks are divided into lots; nor does it require that the advertisement shall state that the property was levied on as the property of the defendants; nor that it shall state the amount already collected on the execution; nor does it recognize such a thing as an excessive levy upon real estate.   Act 23rd Leg., p. 11; Austin v. White, Dallam, 434; Cook v. De La Garza, 13 Texas, 437; Freeman on Executions, sec. 285.

2.   An injunction should not be granted against one not a party to the suit.   Fellows v. Fellows, 4 Johns. Ch. (N. Y.), 25; Iveson v. Harris, 7 Ves., 257; 10 Am. & Eng. Ency. of Law, 796.

3.   The injunction should be dissolved when the applicant, on the final hearing, offers no evidence in support of the allegations contained in his petition, and upon which the injunction was granted.

4.   When, upon the trial the applicant abandons the allegations in his petition and offers no evidence in support of them, the court should presume, in the absence of testimony to the contrary, that the injunction was sued out for purposes of delay only, and assess the ten per cent damages, regardless of whether the defendant in injunc-

tion has sustained any actual damages or not; and while it is a matter in the discretion of the court, it is a judicial discretion, to be exercised in conformity with the law and precedent, and not abitrarily.   Rev. Stats., art. 2894; Cook v. De La Garza, 13 Texas, 437; Kendrick v. Rice, 16 Texas, 254; Smith v. Frederick, 32 Texas, 256; Coats v. Caldwell, 71 Texas, 19; Gault v. Goldthwaite, 34 Texas, 109; Railway v. White, 57 Texas, 129; Fernandez v. Casey, 77 Texas, 452.

*Ewing & Ring*, for appellee.—1.   The court did not err in overruling appellant's general exception to the original motion to quash or vacate the advertisement and prayer for injunction, because the advertisement did not show what interest or whose interest in the property it was proposed to sell.   Rogers v. Bradford, 56 Texas, 633; Meuley v. Zeigler, 23 Texas, 91; Morris v. Hastings, 7 Texas, 28; Morris v. Blackham, 75 Texas, 112; 2 Freeman on Executions, 281; Anderson v. Lee, 53 Ga., 189; Overby v. Hart, 68 Ga., 493; 59 Ill., 404.

2.   The court did not err in granting the injunction and sustaining the motion to vacate or quash the advertisement, because the irregularities pointed out in the original motion to vacate might have deterred parties from bidding.   Irving v. Ferguson, 83 Texas, 495; Gunter v. Cobb, 82 Texas, 607.   Failure to show number of pluries executions, sufficient to justify setting aside sale, 2 Texas Civ. App., 670.   So also as to failure to attach copy of bill of costs, 4 Texas Civ. App., 115; Lockhart v. Stuckler, 47 Texas, 766; Walker v. McMaster, 48 Texas, 213.

3.   Appellees did in fact proceed by a motion to quash the advertisement, and the injunction prayed for was ancillary to it and necessary to make the motion effective.   Shaffer v. Fort, 1 Posey's Unreported Cas., 201; McKinney v. Williamson, 7 Texas, 601.

4.   The proceeding being simply a motion to vacate or quash an advertisement in suit pending, there was no necessity of formally serving the sheriff with citation.

5.   In no event was appellant entitled to statutory damages, and no evidence having been introduced in regard to actual damages the court committed no error in finding for the defendants.   Art. 2894, Rev. Stats.; Fall v. Ratliff, 10 Texas, 291; Howard v. Randolph, 73 Texas, 459.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant recovered a judgment in the District Court of Harris County against the Interior Land and Immigration Company and several individuals upon which an execution was issued and levied upon real estate, which was advertised for sale on the 5th day of March, 1895.   On that day, appellees, the defendants in execution, filed in that court, which was in session, their application styled and numbered as of the suit in which the judgment had been rendered, in which they set forth the advertisement of sale which had been published by the sheriff, pointing out certain alleged defects therein, and praying that it be vacated; and in which they also asked that a writ

of injunction be issued to restrain the sheriff from making the sale. The writ was issued as prayed for.

The advertisement set forth in the petition states the date of the levy upon the land, by virtue of the execution, giving its date, under a judgment rendered in the District Court of Harris County, giving its date, in favor of the Citizens National Bank of Decatur, Illinois, against the Interior Land and Immigration Company, A. M. York, J. W. York, I. R. Holmes and T. W. Lee, but does not state the amount due upon the judgment.

The lands levied upon and advertised are described as being in Harris County, and further, as follows: First, as subdivisions, the numbers of which are given, of the W. B. Lawrence subdivision of the Johnston Hunter and W. P. Harris surveys, as shown and marked out on the Interior Land and Immigration Company's abstract map of the town of La-Port, made by C. G. Cambridge and George Selman in May, 1893. Second, blocks, the numbers of which are stated, as shown and marked out on said map of LaPort. Third, other blocks, numbers of which are given, as shown and marked out on the map of LaPort, recorded in vol. 72, pages 4 and 5 of the records of deeds of Harris County, Texas. Fourth, other blocks, by numbers, as shown on map of LaPort, recorded in vol. 58, pages 462 and 463 of the records of deeds of Harris County, Texas. Fifth, other blocks, by numbers, as marked on map of LaPort, recorded in vol. 57, pages 320, 321 of the records of deeds of Harris County, Texas. Sixth, still other blocks, by numbers, as marked on map of LaPort, recorded in vol. 58, pages 460, 461 of the records of deeds of Harris County, Texas. Seventh, other blocks, by numbers, as marked on map of LaPort, recorded in vol. 60, pages 112, 113 of records of deeds of Harris County, Texas. All of the above property situated in the town of LaPort. Eighth, $553\frac{1}{2}$ acres in the William Jones survey, of which metes and bounds are given.

The advertisement was signed by the sheriff, but did not state that the property was levied upon as that of defendants.

The objections taken in the application to the advertisement were: First, that the blocks mentioned had been divided into lots, most of them containing twenty-eight or thirty-two lots each, which subdivision was shown by the maps referred to, and that this was a fact material to a description of the property of which the advertisement did not inform the public. Second, that it failed to show whether the property was levied on as the property of all or a part of the defendants, or that it was levied on as the property of any of them. Third, that it did not describe the judgment by stating the amount unsatisfied. Fourth, that there remained due on the note only about $2550, while the property levied on was worth at least $300,000, and that the levy mentioned was excessive. Fifth, that these circumstances would cause the property to sell for less than it would otherwise bring.

Appellant filed exceptions and an answer to the application with a motion that the injunction be dissolved, and that judgment for ten per

cent damages for delay be entered against appellees and their sureties.

Appellees filed another pleading, endorsed: "answer and replication," in which, for the purpose of showing that plaintiff had sustained no damage from the injunction, they alleged "that at the time it was granted, no levy had in fact been made, either by endorsement on the writ, or by the making of any memorandum of any character with reference to same, or in any manner whatsoever." This was not sworn to.

The case was heard on the motion of appellant to dissolve injunction and to adjudge damages for delay. The evidence consisted of the execution and the return, written on a paper pasted thereto, by which the levy was shown in the same language as that used in the published advertisement set out in the petition, to which the sheriff's signature was attached, and which showed that the sale had not been made at the advertised time, because of the injunction; and of the testimony of one of appellees' counsel, to the effect, that, when the petition or motion was filed, he examined the execution and there was no endorsement on it and no paper attached to it showing a levy, but, accompanying it, was a separate paper, wholly unsigned, which bore no evidence of having ever been in any way attached to the writ, on which was written the levy as it now appears pasted to the execution and stated in the advertisement.

A judgment was rendered overruling appellant's motion for a dissolution of the injunction and for damages, and adjudging the costs against appellant. From this judgment the present appeal is prosecuted.

*Opinion.*—It will be seen that the judgment does not, in terms, dispose of the application which was filed by the defendant in execution, nor of the injunction granted. It is not expressly adjudicated that the levy or advertisement was bad and should be quashed or vacated, nor that the sale should be stayed, nor that the injunction should be perpetuated. The judgment is not such as ought to have been rendered, to finally dispose of the case, and we have had doubts whether or not it is such a final adjudication of the controversy as can be appealed from. We have concluded, however, that its practical effect is to determine all that was in issue. The time for the sale had passed, and the injunction had served its purpose. All that was left to be determined was, whether or not appellees had shown sufficient grounds for their action to protect them against appellant's claim for damages and entitle them to costs. The judgment, in effect, decides both of these issues, and its finality should not be made to depend upon its form alone.

The assignments of error complain of the refusal of the court to sustain exceptions to the proceeding instituted by the defendants in execution. The first in order of these is that an injunction was not the appropriate remedy, as the law furnished a remedy in a motion to the court to quash the advertisement and thereby stop the sale. The answer to this is, that this proceeding should be classed as such a motion.

In Lockhart v. Stuckler, 49 Texas, 765, suit was brought to have a

retaxation of costs, charged in an execution which was in the hands of the sheriff, and an injunction was sued out to stay the writ until the question could be adjudicated. Chief Justice Roberts said, "It will not do to regard the petition in this case as a bill in equity, but rather as a motion to retax costs, with an order or mandate of the court from which the execution was issued to supersede the execution until the motion could be tried. In granting such order (or injunction, as it is called in this suit), only such parts of the costs should be superseded as are shown to have been illegal," etc. And further on, "Though there may be no objection to the use of the injunction, as it is called, as a process to effect temporary stay of execution, still the form in which this proceeding has been instituted, should not be allowed to vary the substance of the real remedy, which is retaxation of costs." These remarks are applicable here. In this case as in that, the application invoked the exercise of that power which every court has over its process and over the officer executing it, to see to its due and lawful execution and to prevent the abuse of it. In order to make its action effectual, the court may issue its order to the officer to stay proceedings until its judgment upon the complaint may be had. Whether this order or process is called an injunction or something else, is immaterial; the character of the proceeding is the same, whatever may be the name given to the process issued. This principle is stated also in the case of Walker v. McMaster, 48 Texas, 213. See also Austin v. White, Dallam, 434; 2 Freeman on Ex., 286.

In such a proceeding it was unnecessary to formally make the sheriff a party. Holding the process of the court to be executed, he was subject to its direction; and, hence, it was proper for the complaining party to the writ to apply in the original suit, notifying only the opposite party in interest. The sheriff received notice through the writ served on him that he was to stay proceedings, and all that was required of him was to stop and to await further directions. He was in no sense a litigant. Lockhart v. Stuckler, supra.

But we think that the original motion did not state sufficient ground for the vacating of the advertisement, and that therefore the writ should not have been issued.

The statute in this State prescribes the requisites of the advertisement, and that in question complied in every respect. Acts 23rd Legislature, 1893, p. 11. There is no requirement that the notice should state whose interest in the lands is to be sold. It does require that it shall state "the authority by virtue of which the sale is made," and this is done by describing the suit. In doing this it is perhaps necessary to state the name of the persons of whose property the process authorizes a sale. This is the utmost extent to which a construction of the statute could require the notice to go. Reasons both pro and con might be given as to the propriety of requiring a sheriff, holding an execution against several defendants, to determine in advance and notify purchasers which one of such defendants holds interests in the property

subject to the writ. The Legislature has made no such requirement, and it is not proper for the courts to add it. 2 Freeman on Ex., sec. 285a; Chapman v. Marrill, 19 Hun., 318; Harrison v. Cachelm, 35 Mo., 9; Perkins v. Spalding, 2 Mich., 157.

The Georgia cases referred to by counsel are expressly based on a statute which contains the requirement that is absent from ours. Anderson v. Lee, 53 Ga., 189; Overby v. Hart, 58 Ga., 404.

No such point was adjudicated in Jackson v. Spinks, 59 Ill., 404. In the case of Meuley v. Zeigler, 23 Texas, 91, it was held that a levy of a writ of attachment upon land which did not state that the land was the property of the defendant, was void, because the jurisdiction of the court over the property depended on such a statement. Whether the reasoning of that opinion is sound or not, it plainly has no application to sales under execution.

But whatever may be the rule in the absence of statute, we think when the notice complies with the requirements of express legislation, it is sufficient.

The failure of the notice to state that the blocks had been divided into lots did not render it defective. The statute requires no more than that the notice give a description sufficient to identify the land, and this the one in question does. If the division of the blocks into lots would affect their value, no facts are stated to show it. For all the motion alleges, the division may have been by imaginary lines, which had no effect whatever upon the value or salability of the property. If it was proper that the court should require the officer to sell the lots separately, the facts making it so ought to have been stated. The court could not assume in advance that the sheriff would abuse his authority and sell improperly, or sell more than enough to satisfy the debt. Austin v. White, supra. And if there had been a cause for the interposition of the court to direct and control the sheriff in making the sale, it would not have furnished ground for quashing the advertisement. For the same reason (that the statute does not require it) it was unnecessary for the notice to state the amount of the judgment.

We therefore conclude that the original motion contained no valid reasons for vacating the advertisement and staying the sale. The exceptions to it should have been sustained, and the costs of the proceedings adjudged against the appellees. But the case, in our judgment, is not such as to require that we reverse the refusal of the court to allow damages for delay, assuming that the case is one in which such a judgment could have been rendered. It does not follow, as a matter of law that, because an application for injunction is, on final hearing, adjudged insufficient, damages are to be awarded. The trial judge must be "satisfied that the injunction was obtained only for delay," and his judgment upon the question will be revised by this court, if at all, only when his error in refusing this relief is palpable. Howard v. Randolph, 73 Texas, 459.

As we have seen, such applications as this are addressed to the court

whose process is being executed, asking its interference to correct alleged irregularities in such execution. The court will not interfere unless grounds are shown which, in its judgment, require its interposition. And when it does interfere, it orders only a temporary suspension, pending investigation. It may be doubted whether or not the statutory provisions relating to damages for suing out injunctions apply; but conceding that they do, it is evident that an appellate court should interfere with the judgment of the trial court refusing damages when that court has, upon undisputed facts, as in this case, merely exercised its directory control over its process, only in the clearest cases.

We find it unnecessary to determine the question whether or not the facts set up in the last plea filed by appellees and shown by the evidence, were sufficient to show that the attempted levy was void or was so irregular that the court should have quashed it, had it been made the ground of the original motion. No view which we could take of those facts could entitle appellees to the costs.

The judgment will therefore be reversed, and judgment will be here rendered against appellees on their motion to vacate the advertisement, and that appellants recover all costs of the court below as well as of this appeal.

*Reversed and rendered.*