Loan and Deposit Company of America v. John P. Campbell et al.

Decided October 30, 1901.

1.—Judgment—Collateral Attack.

A purchaser of real property from a judgment debtor, after judgment but before execution, is not entitled to restrain by injunction a sale of the property under the execution on the ground that the judgment is void because the note on which it was rendered was not chargeable against the property in question, as being that of a married woman,—the action for injunction being a collateral attack on the judgment.

2.—Same—Abstract—Evidence—Good Faith.

Where the action was for an injunction to restrain an execution sale, brought by one who purchased the property from the judgment defendant after the judgment was obtained, a recorded abstract of the judgment was admissible under defendant's general denial to show that plaintiff did not buy in good faith.

3.—Same—Lien—Indexing Abstract.

The record of an abstract of a judgment does not create a lien unless it has been indexed.

4.—Same—Married Woman—Separate Estate.

A married woman's separate estate is liable for the satisfaction of a judgment against her, notwithstanding its failure in terms to direct that execution issue against her separate property.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*J. D. Guinn* and *M. J. Arnold,* for appellant.

*F. C. Davis,* for appellees.

JAMES, CHIEF JUSTICE.—Appellee sued to enjoin the sheriff, Campbell, from selling certain real property under an execution issued in favor of appellee Fitch, against W. H. Hunt and his wife, M. M. Hunt. Appellant had purchased the property from the Hunts after the judgment, but before the levy.

The grounds in the petition alleged to support the suit were, briefly stated, allegations that the property was the business homestead of W. H. Hunt, and the separate property of Mrs. Hunt, and that the judgment was void and would not support an execution as to Mrs. Hunt because the debt for which the judgment (a judgment by default) was had was on a promissory note made for the separate use of W. H. Hunt. The matters relied upon and sought to be developed by the testimony were the fact of business homestead, separate property of the wife, the fact that the note upon which the judgment was obtained was not that character of obligation for which the wife's separate property could legally be charged, also that the judgment did not in terms authorize execution to be levied upon the wife's separate estate, but awarded execution in general terms. A further ground in the petition seems to have been that appellant was a purchaser of the property without notice. The court instructed a verdict for defendants.

The first, second, third, and fifth assignments will be disposed of together, by stating that in so far as appellant seeks to attack or qualify the judgment, it is plainly a collateral attack, and the court did not err in refusing the permit it.

As to homestead, the brief of appellant does not seem to insist that the evidence sustains the claim. All that appears on this subject is the testimony of Mrs. Hunt, to wit: "The manner of its use was this,—it was rented to the Loan and Deposit Company of America, with which my husband was connected, in a business way, and used by them."

The fourth assignment is that the court erred in considering an abstract of said judgment introduced by defendants. It appears that this was offered and admitted only for the purpose of showing that plaintiff did not buy in good faith. One ground is that defendant had no pleading to support such testimony; this may be answered by stating that defendant pleaded a general denial of all allegations. In a suit of this character it devolves upon the petitioner to prove affirmatively every material allegation, and a general denial is sufficient to impose that burden upon him. Another ground is that the abstract having been offered and admitted for said special purpose, the court erred in considering that it created a lien on the property, as it is supposed to have done. The abstract as it is copied in the record has the certificate of the county clerk certifying simply that the abstract was recorded on a certain day. It states nothing as to it having been indexed, and therefore it did not evidence a lien. Nye v. Moody, 70 Texas, 434. Nor would it thus be evidence of notice.

But the petition alleged that the judgment would be a lien on the property except for its homestead and separate property character, and the fact that Mrs. Hunt was a married woman. We have seen that none of those facts are of any avail to plaintiff. The homestead was disproved; the judgment was against Mrs. Hunt, and therefore her separate estate was liable for its satisfaction, although she was married; and this, notwithstanding the judgment failed in its terms to direct that execution issue against her separate property. Parson v. Taylor, 19 Texas Civ. App., 177. The judgment could not be a lien, unless an abstract thereof had been recorded and indexed, and we regard the petition as admitting the judgment lien upon the property to exist, but for matters which the court on the allegations and testimony correctly determined against appellant. If the judgment was a lien, appellant could not have been an innocent purchaser of the property as against it.

It has been held where a debtor sells property before a judgment is obtained against him, the creditor may, after judgment, have such property sold under execution, and after purchasing may sue to set aside the sale as fraudulent and recover the land (Lynn v. LeGierse, 48 Texas, 138; Gaines v. Bank, 64 Texas, 18); and certainly he has the right to take this course where his debtor should sell after judgment.

As conclusions of fact in this case, we state that Fitch recovered judgment against Hunt and wife by default on a note, which was not ap-

pealed; that the property levied on was the separate property of Mrs. Hunt, but was not homestead; that the conveyance of Hunt and wife· to appellant was made atfer the judgment against Hunt and wife, and that the judgment was a lien on the property when bought by appellant..

The judgment properly denied the injunction.

*Affirmed.*