## O. M. LOVE, EXECUTOR, v. W. R. McGILL.

### Decided January 27, 1906.

**1.—Judgment Against Husband and Wife—Execution Against Wife's Estate.**

Where a valid judgment is rendered against husband and wife execution may run against the wife's separate estate, although the debt was in fact a community debt, and the award of execution is in general terms only, and not specifically against the wife's estate.

**2.—Bankruptcy—Discharge of Husband—Liability of Wife.**

The discharge of the husband in bankruptcy does not relieve the wife's separate estate from the payment of a valid judgment previously rendered against both husband and wife for a community debt.

Appeal from the County Court of Baylor County. Tried below before Hon. B. M. Britton.

*Glasgow & Kenan,* for appellant.—Under the common law a discharge of the husband in bankruptcy discharges the wife. Lockwood v. Salter, 5 B. & Ad., 303; Allers v. Forbes 43 Am. Rep., 559.

Under the facts of this case the common law rule is not abrogated, changed or altered. Sayles' Stats., art. 2968.

During the marriage relation the husband has the sole management and control of the community estate, and in bankruptcy proceeding the entire community estate passes to the trustee in bankruptcy to discharge the community debts. Sayles' Stats., art. 2967 and 2968; John v. Battle, 58 Texas, 596.

*J. T. Montgomery,* for appellee.—The judgment sued on in this case was admitted to be a valid judgment against L. A. Toberman, and as such was binding upon and could have been legally satisfied by levy upon her separate estate. Speer on Married Women, pp. 364 to 371; Carson v. Taylor, 19 Texas Civ. App., 178; Smith v. Ridley, 70 S. W. Rep., 235; Walters v. Cantrell, 66 S. W. Rep., 791; Baxter v. Dear, 24 Texas, 17; Loan & D. Co. v. Campbell, 65 S. W. Rep., 65.

Where a judgment is rendered against a married woman for money, the judgment can not be attacked collaterally by showing that the facts did not authorize the judgment, such judgment being conclusive even though erroneous, unless set aside by appeal or writ of error, or other direct attack seasonably brought. Freeman v. McAninch, 87 Texas, 139.

The judgment sued on being a valid judgment, against L. A. Tober-man, the bankruptcy of P. Toberman did not have the effect to satisfy the same as to L. A. Toberman, or to release L. A. Toberman and her separate estate or her property acquired after the death of her hus-band from the payment of the same. National Bankruptcy Act of 1898, sec. 16; 5 Cyc., p. 401, and cases cited in note 50; Pinkard v. Willis, 24 Texas Civ. App., 71; Hill v. Harding, 130 U. S., 702.

CONNER, CHIEF JUSTICE.—Appellant is the independent executor of the last will of L. A. Toberman, deceased, and as such at the suit of appellee suffered a judgment for the sum of $950, from which he appeals. The facts show that the amount recovered had been paid by appellee upon a judgment rendered against L. A. Toberman and her husband P. Toberman as principals and appellee as surety. The judg-ment last mentioned was admitted to be valid at the time of its entry against both P. and L. A. Toberman and it is also admitted that it has never been set aside or paid. It was likewise shown that subsequent to appellee's said payments, P. Toberman took the benefit of the bank-rupt act and was duly discharged in bankruptcy from the payment of all his debts. There was no recitation in the Toberman judgment to show that it was rendered upon any debt incurred on account of necessaries for L. A. Toberman or for the benefit of her separate property. Nor did the judgment specially provide for execution against the separate property of the wife, the award of execution being in general terms only. Appellant, however, proved that the debt for which judgment was rendered against P. Toberman and L. A. Tober-man was a community debt and upon this ground, as also because of the failures noticed in the recitations of the judgment, contends that the Toberman judgment was not available as against the separate property of L. A. Toberman, deceased, and that the discharge of P. Toberman in bankruptcy also discharged his wife, L. A. Toberman.

We are of opinion that neither of appellant's said contentions is cor-rect. As stated, it was admitted that the judgment against Mrs. Toberman was valid, and it hence closed all inquiry as to the grounds upon which it was rendered. Nor does the failure of the judgment to specifically authorize execution against the wife's separate property invalidate it or prevent satisfaction thereof out of Mrs. L. A. Tober-man's separate property. These propositions seem to be so well settled that we content ourselves with a citation merely of some of the au-thorities where the questions are fully discussed. See Speer on Mar-ried Women, pp. 364 to 371; Carson v. Taylor, 19 Texas Civ. App., 178; Smith v. Ridley, 70 S. W. Rep., 235; Walters v. Cantrell, 66 S. W. Rep., 791; Baxter v. Dear, 24 Texas, 17; Loan Co. v. Campbell, 65 S. W. Rep., 65.

As to appellant's remaining contention it is sufficient to say that it is directly opposed to the express terms of section 16 of the Act of July 1, 1898, establishing a uniform system of Bankruptcy through-out the United States. This section provides that: "The liability of a person who is codebtor with, or guarantor or in any manner a surety

for, a bankrupt shall not be altered by the discharge of such bankrupt." See vol. 3, U. S. Compiled Stats., 1901, p. 3428. See, also, Elliott v. Booth, 44 Texas, and authorities cited at top of p. 188; Wolf v. Stix, 9 Otto. (U. S.), L. Ed., Bk. 25, 309; Hill v. Harding, 130 U. S. L. Ed., Bk. 32, 1083.

Upon the undisputed facts appellee was entitled to recover, and the judgment in his favor is accordingly affirmed.

*Affirmed.*