ment. 20 Cyc. of Law & Proc. p. 1309; 22 Cyc. of Law & Proc. p. 192."

In the Russell Case, supra, we said:

"If sufficient reason could be shown for the failure to order the sheriff to summon a grand jury on the first day of the succeeding term, this might be remedied by making such order at a later day in the term."

· No discussion is had in the Acuff Case, 92 Tex. Cr. R. 548, 244 S. W. 1117, nor in the Saulter Case, 92 Tex. Cr. R. 96, 242 S. W. 242; said cases merely referring to the Russell Case and adopting the views announced therein. · We are unable to agree that there is the slightest showing in the case before us of an intentional disregard of the statute. That a newly created court followed the method prescribed by article 333, supra, under an honest belief that this was the correct method by which to obtain a grand jury, until his investigation convinced him that he is incorrect, at which time he adopts the correct method, evinces no intention to set aside the statute. This much is said, in order that it may be plain that the indictment in this case is not deemed by us subject to attack, either by challenge to the array or motion to quash; hence it would be needless for us to discuss further the distinction between the · right to make a motion to quash as against that of challenge to the array.

Being unable to agree with appellant in any of his contentions, the motion for rehearing is overruled.

On Second Motion for Rehearing.

MORROW, P. J. Appellant asserts that the rehearing should be granted, and a reversal ordered, for the reason that the result of the search of the appellant's premises was rendered inadmissible by article 727a, C. C. P. 1925, in that the search warrant was not based upon proper affidavit. The point made was disposed of in the original hearing. The conclusion was there reached that, granting the impropriety of receiving the testimony mentioned, a reversal of the judgment was not justified, for the reason that the appellant voluntarily testified to the same criminating facts as those introduced by the state. In the original opinion, the case of Gonzales v. State (Tex. Cr. App.) 299 S. W. 901, was cited. It is a familiar rule, often applied in this state, that testimony improperly received will not ordinarily work a reversal, where the same facts are in evidence from another source without objection. This has special application where the error in introducing testimony is cured by the testimony of the accused. See Bonilla v. State (Tex. Cr. App.) 2 S.W.(2d) 248; also collation of cases in Vernon's Ann. Tex. Crim. Stat. 1916, vol. 2, p. 904, notes 27 and 28.

Leave to file a second motion for rehearing is refused.

---

TEAGUE et al. v. BURK et al.   (No. 583.) '

Court of Civil Appeals of Texas. Waco. Dec. 1, 1927.

Rehearing Denied Feb. 16, 1928.

**1. Husband and wife** ⬤⟿268(1)—**Community crop produced on land of wife's separate estate held subject to wife's, but not to husband's debts (Rev. St. 1925, arts. 4616, 4623).**

Community crop produced on land belonging to wife's separate estate *held* subject, under Rev. St. 1925, art. 4623, to payment of debts contracted by wife, though not, under article 4616, subject to payment of debts contracted by husband.

**2. Husband and wife** ⬤⟿152—**Wife's separate estate held subject to payment of indebtedness for community crop raised on her land.**

Wife's separate estate *held* subject to payment of indebtedness for community crop raised on her land.

**3. Husband and wife** ⬤⟿239—**Married woman is bound by personal judgment against her the same as any other litigant.**

A married woman is bound by a personal judgment rendered against her the same as any other litigant.

**4. Husband and wife** ⬤⟿242—**Execution issued on personal judgment against married woman may be levied on, and satisfied out of, her separate property.**

An execution issued on a personal judgment against a married woman may be levied on, and satisfied out of, her separate property.

**5. Execution** ⬤⟿171(1), 222(2)—**Notice of execution sale held sufficient, though not reciting amount due on judgment, and omission of recital afforded no ground for enjoining sale of property levied on.**

Notice of sale of real estate under execution, which did not state amount due on judgment sought to be enforced, *held* sufficient under statute relative to notice; hence afforded no ground for enjoining sale of property levied on.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Suit by Mrs. Willie E. Teague and husband against W. E. Burk and another to enjoin sale of property under execution. A temporary injunction was granted, and, from an order dissolving it, plaintiffs appeal. Affirmed.

E. A. Landman, of Athens, for appellants. Sam Holland, of Athens, for appellees.

GALLAGHER, C. J. This appeal is prosecuted from an order of the district court dissolving a temporary injunction. W. E. Burk, one of the appellees herein, recovered a judgment against appellants, Mrs. Willie E. Teague and her husband, L. B. Teague, on two separate obligations. The first obligation recovered upon was a note signed by L. B. Teague, but which the jury found, in response to the only issue submitted to them, was executed and delivered by him as agent

of his wife for supplies used in making a crop on certain land which was her separate property. The other obligation recovered upon was a note executed by appellants to appellee Burk. There was nothing in said note nor in said judgment indicating the nature of the consideration therefor. Said judgment shows a separate recovery of an unconditional personal judgment against each of appellees on each of said obligations. Appellee Burk sued out an execution on said judgment, and caused the same to be levied by appellee Morrow, sheriff of Henderson county, on certain lands, all of which were the separate property of Mrs. Teague. Appellants thereupon sued out a temporary injunction, restraining the sale of said property. Said injunction was dissolved on motion of appellees, but was by order of the court held in full force and effect pending appeal.

### Opinion.

[1, 2] Appellants contend that, since one of the obligations recovered upon in said judgment was for supplies furnished Mrs. Teague to enable her to make a crop on her separate lands, the indebtedness evidenced thereby is a community debt, and cannot be enforced against her separate property. The crop in the production of which said indebtedness was incurred was community property, and it follows that said indebtedness was also community. Said crop, however, was produced on land belonging to the separate estate of the wife and was therefore not subject to the payment of debts contracted by the husband (R. S. art. 4616), but was subject to the payment of debts contracted by the wife (R. S. art. 4623; Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S. W. 808 et seq.). All this appellants concede, but they claim that only community property confided by statute to the exclusive management and control of Mrs. Teague can be subjected to the payment of such indebtedness. We do not believe such contention sound. In the case of Gohlman, Lester & Co. v. Whittle, supra (114 Tex. 557, 273 S. W. 810, 811), Judge Greenwood said:

"The almost obvious implication of the statutes is to make her separate property and the portions of the community committed to her charge liable for the payment of the wife's contracts entered into as necessary incidents to the exercise of her powers of management, control, and disposition. For, if such property is not so liable, then nothing is, and an intent cannot reasonably be ascribed to the Legislature to authorize an obligation and at the same time render its enforcement impossible."

We are content to rest our decision of this issue on the language of Judge Greenwood so quoted, and on Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120, 121, 122.

[3, 4] Both of the recoveries awarded appellee Burk in said judgment were against Mrs. Teague personally as well as against her husband, and were unconditional. A married woman is bound by such a judgment the same as any other litigant. Nichols v. Dibrell, 61 Tex. 539, 541; Howard v. North, 5 Tex. 290, 297, 298, 51 Am. Dec. 760; Baxter v. Dear, 24 Tex. 17, 21, 76 Am. Dec. 89. An execution issued on a personal judgment against a married woman may be levied upon, and satisfied out of, her separate property. Howard v. North, supra; Carson v. Taylor, 19 Tex. Civ. App. 177, 47 S. W. 395, 396 (writ refused); Taylor v. Stephens (Tex. Civ. App.) 42 S. W. 1048, 1049 (writ refused); Lane v. Moon (Tex. Civ. App.) 103 S. W. 211, 215 (writ refused); Love v. McGill, 41 Tex. Civ. App. 471, 91 S. W. 246, 247; Walters v. Cantrell (Tex. Civ. App.) 66 S. W. 790, 791, and authorities there cited.

[5] Appellants further contend that the court erred in dissolving said injunction because the notice of sale served upon them did not state the amount due on the judgment sought to be enforced by the levy complained of. The requirements of a notice of sale of real estate under execution are statutory, and a recital of the amount due is not included in such requirements. The notice of sale was sufficient, and the omission of a recital of the amount due on the judgment afforded no ground for enjoining the sale of the property levied upon. Citizens' Nat. Bank v. Interior Land & Immigration Co., 14 Tex. Civ. App. 301, 37 S. W. 447, 449; Mason v. Letcher Coal & Coke Co., 196 Ky. 629, 245 S. W. 130, 132, par. 4.

The judgment of the trial court is affirmed.