CARTER et al. v. MILLS et al.   (No. 2164.)

Court of Civil Appeals of Texas.   El Paso.
July 5, 1928.

Rehearing Denied Oct. 4, 1928.

James Cornell and R. G. Hughes, both of San Angelo (G. J. Henshaw, of Sanderson, and Brian Montague, of San Angelo, on rehearing only), for appellants.

Alfred E. Creigh, Jr., of Sanderson, and Jones & Lyles, of Del Rio, for appellees.

HIGGINS, J.   Appellants were the owners of a ranch in Terrell county. What is referred to in the record as the east half of the ranch contained 16,372.2 acres. What is referred to as the west half contained 18,278 acres.

· On April 1, 1927, appellants conveyed the west half of the ranch to V. A. and Joe F. Brown for $100,531.75.

Appellees Mills and Howard, real estate agents, brought this suit against appellants to recover a commission of 5 per cent. upon the purchase price, asserting that service rendered by them was the efficient and procuring cause of the sale made to the Browns. The petition declared upon both an express and implied contract to pay for the services. Appellants answered by general demurrer and general denial.

The case was submitted upon special issues as follows:

"No. 1.   Were the plaintiffs the efficient and procuring cause of the sale of defendants' lands referred to in the evidence to V. A. and Joe F. Brown?

"No. 2.   Did J. Q. Carter list the lands referred to as the west side of the property commonly known as the Carter estate in Terrell county, Tex., with plaintiffs?

"No. 3.   Did the defendants sell the property described in the deed from defendants to V. A. and Joe F. Brown, to a purchaser procured for them by the plaintiffs with full knowledge on the part of their agent, J. Q. Carter, that plaintiffs were engaged in the business of real estate brokers, and in consideration of a commission?·

"No. 4.   What was the usual and customary commission or compensation paid to real estate brokers, in Terrell county, on or about the month of November, 1926, and up to and including the 4th day of April, 1927, for procuring purchasers for real estate?"

The first three issues were answered "Yes"; the fourth, "5 per cent." Judgment was rendered in appellee's favor for 5 per cent. of the purchase price.

In connection with issue No. 1, the court gave an explanation of what was meant by the expression "efficient and procuring cause," to which it is objected that it was a comment upon the weight of the evidence. We do not regard the same as subject to the criticism made.

■ Whether or not J. Q. Carter listed the west side of the ranch with plaintiffs was an issue raised by the evidence. Hence it was

proper to submit issue No. 2. Nor was such issue noncontrolling or a comment upon the weight of the evidence. The second proposition is therefore without merit.

Propositions 3, 4, 5, and 6 complain of the refusal to submit special issues requested by appellants.

This case is purely one of fact. All the ultimate controlling issues of fact raised by the pleadings and upon which the evidence was in conflict were fully, sufficiently, and correctly submitted, in the first three questions. Requested issues 2 and 3 were evidentiary and properly refused for that reason. Requested issues 5 and 10 were noncontrolling. If they had been submitted and answered as contended for by appellants, it would not have affected appellees' right to judgment upon the ultimate and controlling facts found in answer to the first three questions submitted. This disposes of all propositions submitted.

Affirmed.

### On Motion for Rehearing.

In a supplemental motion for rehearing, appellants present three grounds of error, which were not presented in the briefs or in the original motion for rehearing; said supplemental motion having been filed by leave of court as a supplement to the original motion for rehearing which was filed, within the statutory period. These three additional grounds are submitted as fundamental error, and, briefly stated, are as follows:

First. The judgment rendered against the appellant married women is without pleading or evidence to support the same.

Second. The personal judgment rendered against the husbands of said married women is erroneous because such husbands were pro forma defendants.

Third. One Willie Nogas was interested in the moneys recovered by the appellee, and therefore a necessary party to the suit.

The petition complains of the defendants, naming the same, and avers that such defendants were the joint owners in fee simple of certain lands in Terrell county, describing the same; that plaintiffs were real estate agents, and the defendant J. Q. Carter, acting for himself and for and on behalf of each of the defendants, and being fully empowered and authorized so to do, employed plaintiffs to sell the land, and then, follows the usual allegations showing that through the efforts of the plaintiffs the land was sold. The petition further declared upon a quantum meruit.

Married women, when joined by their husbands, have the right to sell and convey lands owned by them. In order to exercise to their best advantage the power and authority thus conferred upon married women, they have as a necessary incident the right to employ a real estate agent to sell their land for them and bind themselves to pay a commission for services thus rendered. Williams v. Doan (Tex. Civ. App.) 209 S. W. 761. It was so held in the case cited, and we think the ruling is in accord with the effect of the decisions of the Supreme Court in Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S. W. 808; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120. See, also, Goldberg v. Zellner (Tex. Com. App.) 235 S. W. 870; Teague v. Burk (Tex. Civ. App.) 3 S.W.(2d) 461.

The testimony in this case shows the married women were joint owners in their separate right with the other defendants of the land described in the petition, and we think the pleading and the evidence sufficient to support the judgment against them under the doctrine announced in the cases cited. The judgment is not subject to the objection urged against it by the second ground of the supplemental motion. It does not award a personal judgment against the husbands; the judgment against them is pro forma.

As to the third ground, Willie Nogas was not a necessary party to the suit. Brady v. Richey & Casey (Tex. Civ. App.) 202 S. W. 170; Hodde v. Malone Real Estate Co. (Tex. Civ. App.) 196 S. W. 347; Waurika Oil Ass'n v. Ellis (Tex. Civ. App.) 232 S. W. 365; Christian v. Dunavent (Tex. Civ. App.) 232 S. W. 875; Kollaer v. Puckett (Tex. Civ. App.) 232 S. W. 914; Kreisle v. Wilson (Tex. Civ. App.) 148 S. W. 1132; Brackenridge v. Claridge (Tex. Civ. App.) 42 S. W. 1005; Inman v. Brown (Tex. Civ. App.) 147 S. W. 653.

The other propositions submitted in the supplemental motion simply present in different form questions raised by the original briefs, and each were decided against appellants. They call for no further discussion. The original motion for rehearing was formal and raised nothing new.

Both the original and supplemental motions are overruled.