## ANNA HILL v. SOLOMON FAIRFAX.

The 27th Section of Article 12 of the Constitution of 1869 confers on those negroes who had lived together, while in slavery, upon the terms and under the conditions described in that section, marital rights and legitimates their offspring.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The appellee obtained a verdict in the court below under the following instruction, viz.: * * * "If plaintiff and defendant, both being negro slaves, lived together during slavery after the manner of man and wife among slaves, but were not, after emancipation, married

or agreed to marry, followed by actual marriage, then such previous cohabitation was not, under the law, legal marriage. If the relation which existed between plaintiff and defendant was meretricious, then no right of property could begin or arise out of that relation ; no length of cohabitation in condition of concubinage constitutes marriage."

*Crank & Wilson*, for appellant.

*John H. Duncan* and *Manly & Masterson*, for appellee.—Suppose that issue are born of the mere lascivious connection of a free white man and a bond woman becoming free. He then disclaims the illegal and unnatural connection and takes an honest colored woman in lawful marriage, and issue are born. Without the *bona fide* relation of "husband and wife," in substance if not in form, here insisted upon, the concubine or the mistress and the illegitimate children would exclude the lawful wife and legitimate children.

Suppose, again, he prefers to take a white woman in lawful marriage and issue are born. Still the concubine or the wanton and the bastard progeny would exclude the lawful wife and the lawful offspring.

This reasoning would equally apply to slaves exclusively, becoming free. They, too, might change their mode of life, form a lawful connection, have children, and then bear the same fatal results. 'For example, the case at bar.

These consequences might be traced *ad infinitum*, until collectively they would appall the devil himself.

It has been contended, somewhat boldly, that the provision of the Constitution does not apply to cases where both parties were slaves, however confidently assumed. The ground seems to be that the only preclusion of "the rites of matrimony" was an express statutory enactment,

but that that precluded the white and the free from "the rites of matrimony," with the black and the slave. Therefore the former were alone precluded; therefore the provision, moving upon a preclusion of matrimonial rites, contemplates the former only; therefore the free white man and the slave can alone enforce its obligations, or claim its benefits.

The provision moves only upon that class of cases. But if this be so, the provision does not and cannot apply to the case at bar, both being slaves. This point is respectfully submitted to the consideration of the court.

WALKER, J.—The facts in this case appear to be about these. Both the plaintiff and defendant in the court below were negro slaves until the date of general emancipation, and belonged to Chas. Shearn.

Sometime in the year 1865 they commenced living together as man and wife, holding themselves out as such, and being so known and recognized among their friends. They continued to live in this state until the month of December, 1869. In the latter part of the month of December the appellee abandoned the appellant and married another woman.

The property in controversy appears to have been acquired during the time the parties lived together as man and wife. The appellee took the title to both the lots in his own name. They improved the lots and lived upon them until about the time of the abandonment, and it does not appear to have been the intention of the appellee to deprive the appellant of the use of the property, even when he abandoned her.

We think the evidence shows that the appellee would be entitled to an equitable division of the property, if the law established no relation between the parties other than that which exists among strangers, as it is pretty clearly

established that at least the second lot purchased was purchased and improved with the joint earnings and means of both the parties; but if the facts shall be found to bring this case within the provision of the twenty-seventh section of the twelfth article of the Constitution, then the appellee will be entitled to the same interest in the property that other married women take in the property acquired by themselves and husbands during coverture, under the laws of this State. We think the charge of the court is erroneous, and does not fairly state the law of the case. What a jury would understand by an actual marriage between the parties, without the proper explanation, is not what the Constitution in the clause referred to contemplates. It was no doubt intended by the framers of that law to confer marital rights, and legitimatize the offspring of persons who had lived together upon the terms and under the conditions described in the section referred to. The interpretation which this court has placed upon the twenty-seventh section of the twelfth article of the Constitution was not known to his honor the District Judge before whom this case was tried, at the time it was tried, else it would have relieved him from any embarrassment growing out of this novel feature of our fundamental law. (Clark's Heirs v. Honey, 37 Texas, 686.)

Actual marriage, as heretofore understood, is not necessary to entitle a woman to the rights of a wife, whose case falls within the provision of our Constitution on this subject.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.