E. W. FRAME, EXECUTOR OF THE ESTATE OF D. A. FRAME, DECEASED v. FANNIE S. FRAME.

No. 5459.   Decided February 18, 1931.
(36 S. W., 2d Series, 152.)

*White, Wilcox & Taylor,* for plaintiff in error.

The services provided in the instrument sued upon to be performed by appellant and shown by the pleadings and evidence to have been performed by her, were not in fact extraordinary services as claimed, but were, on the contrary, such services as would be performed without compensation, by a wife under the circumstances shown to exist in this case. Note in 15 L. R. A., 215.

Earnings accruing from the services of the wife are community property and are not recoverable in the suit of the wife against the husband's executors. Article 16, section 15, Texas Constitution; Revised Statutes, 1925, art. 4619; Arnold v. Leonard, 114 Texas, 535; 273 S. W., 779; Fairchild v. Davis, 295 S. W., 640; Northern Traction Co. v. Hill, 297 S. W., 978; Brokaw v. Collett, 1 S. W. (2d) 1090.

*T. H. Ridgeway,* for defendant in error.

An agreement on the part of the husband to pay his wife for services performed by her outside of and beyond her duties to him as his wife carries with it an implied agreement that the proceeds of such extra services should become the separate estate of the wife, and a promissory note executed by the husband in payment for such services would become the separate estate of the wife.

That the husband may execute a valid and binding promissory note to his wife is also settled beyond doubt, and such notes have been upheld in the following cases. Hall v. Hall, 52 Texas, 298; Price v. Cole, 35 Texas, 470.

These cases have been numerously cited with approval and constitute a part of the settled law of Texas.

The wife may maintain a suit against her husband upon an indebtedness due her by her husband and she may attach his property. Ryan v. Ryan, 61 Texas, 474; Fox v. Fox, 179 S. W., 886; Heints v. Heints, 120 S. W., 942.

Mr. Commissioner RYAN delivered the opinion of the court.

This suit was brought in the district court of Bexar county by Mrs. Fannie S. Frame, the surviving wife of D. A. Frame, deceased, against

E. W. Frame, independent executor, under the last will and testament of said D. A. Frame, deceased, to recover upon the following instrument:

"April 19th, 1922.

"I promise to pay to my wife on conditionary, the sum of Five Thousand ($5000.00) Dollars, providing she stays with me while I live and take care of things as she always has done; this note not due for six months after my death, and to bear no interest until due. This note to have no lien on my property while I live. Providing that should my wife die before me, this note will become due to her father, Curtis Stanfield. This April 20th, 1922.

"D. A. Frame."

The fact shows that plaintiff continued to live with her husband after the execution of said instrument until the time of his death, and that both before and after its execution she had performed her household duties and had performed certain services for her husband in keeping the simple farm accounts, selling butter and other services of like nature. These services were claimed by the plaintiff to have constituted a sufficient consideration for the instrument sued upon so as to entitle her to recover thereon against the executor.

The executor's defensive contentions are: (1) the requirement that the wife continue to live with her husband until his death, and take care of things as she always has done, does not constitute a valid consideration for the note and is contrary to public policy; (2) the contract was wanting in the wife's capacity to enter into, the same not being for necessaries furnished her or for the benefit of her separate estate; (3) earnings accruing from the services of the wife are community property and not recoverable in a suit by the wife against the husband's executor.

The executor also filed a cross-action against plaintiff for recovery of $1,504.25 withdrawn by Mrs. Frame from her husband's bank account the day before and upon the day of his death. Mrs. Frame defended against such cross-action by attempting to offset against such a claim asserted in behalf of herself and her minor child for statutory allowance for support for one year, and for the value of a liberty bond alleged to have been converted by the executor, and on account of certain sums claimed to have been paid out by her for funeral expenses and expenses of last sickness of her husband.

The case was tried without a jury, the court finding against Mrs. Frame and in favor of the executor as to the $5,000 instrument sued upon; and in favor of the executor on his cross-action for the recovery of $1,504.25, but as to the last item it rendered judgment in favor of Mrs. Frame upon the offsets claimed by her, the net result being that neither party recovered a balance against the other.

On appeal, the Court of Civil Appeals approved the trial court's judgment on the executor's cross-action, but reversed and rendered the

remainder of the judgment so as to award Mrs. Frame a recovery for the amount sued for on the note.  14 S. W. (2d) 865.

Upon the trial it was shown that prior to the execution of the note Frame and his wife had lived on the farm owned by him at the date of his marriage for about fifteen years, during which time Mrs. Frame did the ordinary house work, cooked for hired hands, collected rents from tenants, and helped to look after and supervise the work of clearing and grubbing more than 200 acres of the land; that she often made trips to town to buy parts for farm implements and made one or two trips to town each week to sell butter and other products of the farm; that she did a great deal of labor in connection with the operation of the farm, which it is asserted was outside of her ordinary duties as a housewife.

It is claimed in her behalf that the contract evidenced by the note sued upon was one which she had the legal capacity to enter into; that it was supported by a valid consideration and as the undisputed evidence disclosed full compliance with its terms, she was entitled to a judgment for the amount stipulated.

The instrument shows upon its face that it was payable only upon condition that the wife "stays with me while I live and take care of things as she has always done", and is therefore contractual, the consideration being such future services to be performed by the wife.  These are services reasonably contemplated to be performed by the wife under the surrounding circumstances, are implied in the marital contract, and furnish no consideration for the obligation.  As pointed out by Judge Hutcheson in Re Gutierrez, 33 Fed. (2d) 987, even in those jurisdictions where the wife is authorized generally to make contracts, she may contract with her husband *only* for such services as are outside of the purely domestic relations implied in the marital contract.

It is conceded that at the time the instrument was executed in 1922, the wife had "taken care of things" for her husband, that is, had assisted in looking after the management of the farm, in marketing its products, in collecting and paying out money and drawing checks on the bank therefor and that she lived with and ministered to the deceased as a good and provident wife—that she continued such services after the execution of the instrument, precisely as she had done before.  These did not constitute extraordinary services outside the pale of her purely domestic, marital relations.  The evidence discloses no domestic discord and no misconduct on the husband's part entitling the wife to a separation or divorce.

The instrument has none of the characteristics of a valid gift passing a present title.  It is not claimed to be a will and was not sued upon as such.  There is no element of estoppel in the transaction.

Mrs. Frame performed, after the execution of the instrument, exactly the same character of services which she performed before; she was not

put in a worse condition through the execution of the instrument and nothing in the evidence even suggests the idea that any of her acts were influenced by it.

The husband's agreement to pay his wife for services rendered as a housekeeper or for the performance of other duties imposed upon her by the marital relation is void for the reason that she owed such services independently of any contract, is therefore without consideration, and for the further reason that it is against public policy. McKay v. McKay (Texas Civ. App.), 189 S. W., 520; Roberts v. Frisby, 38 Texas, 220; 8 Corpus Juris, p. 231; 30 Corpus Juris, pp. 676-677; 68 L. R. A. (1917D), pp. 269-272; Blaechinska v. Howard Mission, 130 N. Y., 497, 29 N. E., 755, 15 L. R. A., 215; 2 Elliott on Contracts, sec. 756.

We are cited to Re Gutierrez, 33 Fed. (2d) 987, as sustaining the right of Mrs. Frame to recover herein. In that case was involved the right of Mrs. Gutierrez, wife of a bankrupt, to recover for six months' salary for services rendered in the capacity of foreman or head clerk in the bankrupt's store. Judge Hutcheson held that such earnings constitute community property and that under the statutes of Texas the wife may contract with her husband in regard thereto, making the claim therefor a provable claim in bankruptcy, so long as such services are outside of the purely domestic relations implied in the marital contract.

There is no conflict between that case and our holding here.

Our conclusion is that no valid consideration existed for the obligation, neither was it for necessaries furnished the wife or for the benefit of her separate estate.

The trial court based his judgment denying a recovery on the answer to the question of whether in the event of a recovery the proceeds would belong to the "wife's separate estate" or would be "community property"; because if such proceeds would be community property, the effect of the recovery would be in vain and of no practical effect—it would merely be to take certain money from the estate to be returned to the estate. And again there would in such case arise the anomalous situation of the plaintiff suing the estate's legal representative for the use and benefit of the estate but not founded on any allegation of waste, delinquency or mismanagement of the estate.

The trial court correctly found in answer to that question, that such recovery would be community property, and not the wife's separate estate.

Our statutes do not make the personal earnings of the wife her separate property as is attempted to be done with reference to rents and revenue derived from her separate property. Kerr v. Tyler Guaranty State Bank (Texas Civ. App.), 283 S. W., 601.

The statute declaring rents and revenues derived from her separate real estate to be her separate property was beyond the power of the Legislature to enact in view of article 16, section 15, of the Constitution

which declares that only such property as was owned by the wife before marriage or acquired after by gift, devise or descent constitutes her separate estate, and such statutes are invalid, because the Constitution furnishes the sole measure of her separate estate and the Legislature can neither add to nor take away from this. Arnold v. Leonard, 114 Texas, 535, 273 S. W., 799; Gohlman v. Whittle, 114 Texas, 548, 273 S. W., 808.

Husband and wife have no power to change by mere agreements made in advance, the status of community property yet to come into existence, to that of wife's separate property. Brokaw v. Collett (Texas Com. App.), 1 S. W. (2d) 1090; 31 C. J., 73.

It is true the husband can change the status of community property and convert it into separate property of the wife. This, however, can only be done after such property has been acquired and its status fixed in accordance with the provisions of the Constitution of this state. Here the husband was never afforded the opportunity to change the status of this property after its acquisition, as under the express terms of the contract Mrs. Frame's right to the amount stipulated therein did not accrue until she had performed the agreed services up to the time of her husband's death.

The proceeds of a collection of this instrument would represent money paid on account of services rendered by Mrs. Frame, earned by her during the marriage and would, therefore, be community property and constitute assets in the executor's hands to the same extent as other community property, to be used in the payment of debts, expenses of administration and so forth. Rev. Stat. (1925), art. 4620.

At the time of D. A. Frame's death there was on deposit to his credit in bank the sum of $1,504.25, proceeds of the sale of a portion of his separate estate. Mrs. Frame was given and exercised for years prior thereto the authority of drawing checks against the bank account, at will.

On the day of and before deceased's death, Mrs. Frame withdrew from said account in bank the sum of $1,000, and immediately after his death, she withdrew the balance amounting to $504.25. The executor by cross-action sought the recovery of these sums, and interest thereon.

Sometime before Frame's death he gave his wife a liberty bond in the sum of $500 as her separate estate. Before his death, Frame executed a note to the bank for a loan and secured the same by depositing Mrs. Frame's said bond and another for like amount owned by him. This note was not paid before Frame died; the executor, after his qualification as such, procured from the bank both said bonds, sold them, and applied the proceeds in payment of said note. Mrs. Frame also sought recovery of the value of said liberty bond, claimed by her as her separate property, also for her claim for twelve months' maintenance as provided by statute.

The trial court found that $600 is a reasonable allowance therefor.

The evidence shows that Mrs. Frame paid out of the funds so withdrawn from the bank, the sum of $400 for funeral expenses and expenses of D. A. Frame's last illness. The trial court balanced these two items of reasonable allowance and expenses of funeral and last illness against the item of $1,000 withdrawn from the bank as aforesaid. He found that the item of $504.25 withdrawn after Frame's death (which cancelled any authority on the part of his wife to check against the bank account) was unlawfully withdrawn and must be accounted for to the executor, but this is offset by the value of the liberty bond appropriated by the executor in payment of Frame's note and debt to the bank.

The trial court therefore denied any recovery to either party on account of these items; this portion of the judgment was affirmed by the Court of Civil Appeals.

The executor in his application for writ of error complains of such disposition of these items, but in oral argument before us, his counsel frankly stated that these claims, though recoverable, in his opinion, would not have been urged, but for Mrs. Frame's suit to recover on the note, and that no insistence would be made on the assignments, if we should conclude that Mrs. Frame is not entitled to any recovery on the $5,000 obligation.

Having concluded that she is not entitled to such recovery, we do not pass on said assignments.

The judgment of the Court of Civil Appeals is reversed and that of the district court is affirmed.

The foregoing is adopted as the opinion of the Supreme Court, and the judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed.

C. M. CURETON, Chief Justice.