## LEVIN v. JEFFERS.
### No. 8567.

Court of Civil Appeals of Texas. San Antonio.
March 18, 1931.

For opinion answering certified question of this court on motion for rehearing and to certify, see 52 S.W.(2d) 81.

Eskridge & Groce, of San Antonio, for appellant.

Lewright & Lewright, of San Antonio, for appellee.

COBBS, J.

Appellant sued appellee, alleging that she was the owner in her separate right of certain real property in the city of San Antonio, describing it, and that some time prior to June, 1925, she and her husband determined to construct and erect two buildings thereon; one a hotel building consisting of twelve stories and a basement, and one an apartment hotel consisting of twelve stories and basement, to be constructed in accordance with plans prepared by Henry T. Phelps, Architect.

On or about the ——— day of June, 1925, appellee and her husband entered into a certain building contract with appellant, to the effect that the said appellant would furnish the labor and material to construct said hotel building at a cost to the owners of $850,000; and to furnish labor and material to construct the apartment hotel building at a cost to the owners of the sum of $450,000. The details and so forth were between Jeffers, the husband of appellee, and appellant. In preparation for the carrying out of said contract the appellant spent $20,000.

If the contract as alleged had not been breached by appellee, the appellant would have constructed the buildings and furnished labor and material, which would have given him a profit of $105,000.

S. L. Jeffers departed this life on or about October 13, 1925, and thereupon the appellee repudiated the contract. So appellant seeks to recover against appellee the sum of $105,-000, costs, etc.

Appellee presented her demurrer, which the court sustained. It is conceded that the property is valuable real estate, and was at the time the contract was entered into, shortly before the amendment to the law of 1913 allowing married women the right of contract under certain restrictions.

Article 4614, R. S., provides what shall be the separate property of the wife, and provides "the wife shall have the sole management, control and disposition of her separate property, both real and personal * * * and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds," etc. And article 4616 provides that none of her property "shall be subject to the payment of debts contracted by the husband nor of torts of the husband."

Appellant insists, since the wife is invested with the control of her separate estate, she has the power to make all contracts in reference thereto. We do not believe the cited case of Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, aids the situation. It is a very fine opinion, but gives no help here other than a history of the Married Woman's Act, and such seems to be the effect of all the cited cases by appellant. There are many cases in which the married woman and her estate may be reached, such as in the Ferguson Case, supra. Also in Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120. These cases refer to the married woman's separate estate and her power to bind it in contracts not executory, as this was not.

The petition does not allege that the contract was made for the benefit of appellee's separate estate and would have benefited it. The pleadings show a contract not completed, but to be performed in the future by the married woman. When there is no power left in a married woman's contract for future performance, it becomes executory, and there is nothing in this contract shown that the wife could not withdraw from it at any time. As the suit is not on a quantum meruit, it is not necessary to discuss that feature.

It is true that the statute requires the husband and wife to be joined in suits for necessaries, etc., but there is not here any material change from the old law which existed since 1848.

The acts of 1913 (chapter 32) made no reference to either article 1840 or 1841 (Rev. St. 1911), but amended articles 4621, 4622, and 4624. The act of 1913 contained no clause repealing laws in conflict with it. Article 4625 of R. S. 1911, was carried into the revision of 1925, as article 4624, without the change of a single word.

Now, then, this act of 1913 did not amend article 4625 of Revised Statutes of 1911, which reads as follows: "Upon the trial of any suit as provided for in the preceding article, if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated in said article, and also that the debts so contracted or expenses so incurred were reasonable and proper, the court shall decree that execution may be levied upon either the common property or the separate property of the wife, at the discretion of the plaintiff."

The article clearly shows that, before any judgment can be rendered binding upon the separate estate or property of a married woman, the plaintiff must (a) first plead, and then (b) satisfactorily prove, "to the satisfaction of the court and jury," that the debt "so contracted" or the expense "so incurred" was one coming within the provisions of article 4624 of Revised Statutes of 1911; also that, in either event, whether as to "debts contracted" or "expenses incurred," same "were reasonable and proper."

The statute did not provide for a purely

personal judgment against a married woman, but at the most only that an execution might be levied upon "either the common property or separate property of the wife, at the discretion of the plaintiff."

So it will be seen that articles 1840, 1841, 4624, 4625, were in full force in June, 1925.

The Acts of 1913 (chapter 32), 1917 (chapter 194), and 1921 (chapter 130), must be construed together in the light of and in connection with said articles 1840 and 4625 of the Revised Statutes of 1911 (see Rev. St. 1925, arts. 1984, 1985, 4621–4624).

In this case we are not concerned with the right appellee has to dispose of her property, because she has that right upon certain conditions, and, when done she loses all manner of control and management thereof, and expressly refer to what Justice Greenwood had to say in Whitney Hardware Co. v. McMahan, supra, touching her capacity at common law. He said that one who seeks to hold a married woman liable by contract must plead and prove that the contract was made for necessaries for the support of herself and her children or for the benefit of her separate estate—and, in either event, upon the pleadings and proof, it must "appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated" in article 4624 of Revised Statutes of 1911, and also "that the debts so contracted or expenses so incurred * * * were reasonable and proper," and provided in article 4625 of Revised Statutes.

It cannot be said that the contract here was "one incidental to the management" of appellee's separate estate, and that such fact appears on the face of the petition. Neither does the petition allege the location or value of the real estate involved, but it does allege that the contract was one for the expenditure by appellee of more than $1,300,000. Such a contract cannot be said to be "incidental to the management" of appellee's separate estate.

Referring to Judge Greenwood's opinion in the case of Gohlman v. Whittle, 114 Tex. 548, 273 S. W. 808, we understand our present law on this subject to be substantially this: That even in the management and control of her separate estate, more especially real estate, a married woman may lawfully make only such contracts with respect to her separate estate, and binding thereon, as could lawfully have been made by the husband prior to the act of 1913, in the exercise of his right of control and management of her separate estate.

It will be observed that appellant does not allege or claim any lien on the land securing the debt. He does not seek to hold that real estate or other property belonging to appellee, but seeks to get his money through a personal judgment. Of course the law in question will not prevent the married woman from managing and improving her separate estate.

Allow us to reiterate that the contract was executory, and before its final performance the married woman was clearly in her right and could withdraw from it. Only an insignificant part of the contract had been performed when she rescinded. It was not made for the benefit of her separate estate, and the petition does not allege that the "expenses so incurred were reasonable and proper."

The contract was not binding upon appellee, as alleged, nor does appellant allege that the contract was binding in any way upon her separate estate.

The several grounds alleged are not necessary to mention, but, giving full weight and consideration to this case, we do not think the appellant states a case that would subject the married woman to a judgment.

The judgment of the trial court will be affirmed.

SMITH, J., concurs in the result.