OPINION. Artjndell, Judge: Petitioner contends that he is not taxable on the amount of $19,648.12 received by his brother, L. J. Grace, for 1942 because that amount represented his brother’s distributive share of partnership income. In the alternative, petitioner contends that that amount is reasonable compensation for services actually rendered by his brother. It is not too clear to us why the respondent determined that no partnership existed between petitioner and his brother. Certainly this is not a Tower case.[1] Petitioner’s brother was only 4 years younger than petitioner. Not only had he worked for petitioner 2 or 3 years in the beginning of the business, but he had also had independent experience in his own business. The fact that he did not contribute any capital to the business does not mean that he could not be a partner. Petitioner’s contribution of the entire capital would seem to be adequately and. fairly compensated for by the profit-sharing ratio of 90 per cent to petitioner and only 10 per cent to his brother. The evidence convincingly demonstrates that L. J. Grace performed vital services. He had charge of the hiring and firing of all shop personnel, supervised between 50 and 75 employees, purchased all supplies and materials needed for the shop, worked long hours, and even operated two shifts during about half the taxable year. Obviously, he exercised executive functions of a very important character. That under the terms of the partnership agreement his authority as to the financial end of the business was more restricted than petitioner’s does not negative the existence of a partnership. In any event, if the partnership agreement be viewed only as a bonus or contingent compensation contract, we think the amount paid to L. J. Grace was reasonable compensation, in view of the character and extent of the services performed by him in 1942. He returned to work for the petitioner in 1939. Early in 1941 petitioner and his brother entered into a contract whereby the brother’s compensation for that year was to be an amount equal to 10 per cent of the net profits of the business. That same percentage was carried over into 1942 and continued in the partnership agreement. We have found from all the evidence that both the 1941 and 1942 contracts were fair and reasonable when entered into. The respondent’s own regulations provide for the deduction of contingent compensation paid pursuant to a contract which was fair when entered into, “even though in the actual working out of the contract it may prove to be greater than the amount which would ordinarily be paid.” Regulations 111, sec. 29.23 (a)-6 (2). We hold that the petitioner should be sustained on this issue. The second issue relates to the ownership of the business income accruing between April 5 and June 14,1943. In determining the deficiency, respondent took the view that the community was dissolved on April 5 (the date on which petitioner and his wife signed a property settlement agreement) and that all income after that date was petitioner’s separate property. We think the complete answer to the respondent’s contention is that the property settlement agreement was purely executory and by its own terms contingent upon the granting of 'a divorce. Neither party thereto intended that it be executed unless and until a divorce should be granted, and nothing was in fact done under the contract until after the divorce was granted. In these respects the instant case is unlike Chester Addison J ones, 31 B. T. A. 55, relied upon by the respondent. There the settlement agreement was not conditional upon a divorce, but was fully executed and performed long prior to the granting of a divorce. Aside from the fact that the property settlement agreement was executory, it makes no mention of future income; and, even if the parties thereto had attempted to divide the income to accrue in the future and before the community should be dissolved by divorce, it is quite doubtful whether the agreement to that extent would be valid under Texas law, in view of George v. Reynolds (Tex. Civ. App.), 53 S. W. (2d) 490; Brokaw v. Collett (Tex. Com. App.), 1 S. W. (2d) 1090; Frame v. Frame, 120 Tex. 61; 36 S. W. (2d) 152; Davis v. Davis (Tex. Civ. App.), 108 S. W. (2d) 681. These cases stand for the proposition that under Texas law a husband and wife do not have the power to change, by mere agreement made in advance, the status of community property yet to be acquired or yet to come into existence to that of separate property of one of the spouses. See also Mellie Esperson Stewart, 35 B. T. A. 406; affd., 95 Fed. (2d) 821. But see Corrigan v. Goss (Tex. Civ. App.), 160 S. W. 652, and Chester Addison Jones, supra. We hold that the respondent erred in prorating the income only up to April 5. In the recomputation, the business income should be prorated up to June 14, the date the community was dissolved by the divorce decree, and only one-half thereof is taxable to petitioner. Reviewed by the Court. Decision will he entered under Rule 50. Commissioner v. Tower, 327 U. S. 280.