M. E. MILLER et ux., Appellants,

v.

Drury P. HATHAWAY et al., Appellees.

No. 11888.

Court of Civil Appeals of Texas, Austin.

Feb. 23, 1972.

Dell Barber, Colorado City, for appellants.

Bradbury, Tippen & Cross, Bill Tippen, Abilene, O. L. Parish, Jr., Paul Petty, Ballinger, for appellees.

SHANNON, Justice.

Appellants, M. E. Miller and wife, Littie Miller, filed a declaratory judgment suit in the District Court of Runnels County seeking the construction of a will and codicil executed by Nora McCaughan, a widow, to entitle M. E. Miller to the sum of $5,654.14, which sum was tendered to the District Clerk by the Independent Executor of the estate of Nora McCaughan. In addition to the executor, other appellees are the First Baptist Church of Ballinger, Inc., and Hardin-Simmons University which were both legatees under the will. The District Court entered judgment that the terms of the will and codicil did not entitle appellant M. E. Miller to recover the sum in controversy.

The facts necessary for this opinion follow. Mrs. McCaughan died on June 2, 1967. On December 22, 1961 she executed a will, the pertinent parts of which follow:

"II.

It is my will and desire that all royalty payments or other proceeds derived from the production of oil and gas, or either of them, from my farm land consisting of 538⁶¹⁄₁₀₀ acres of land in Runnels County, Texas, . . . and from my mineral interest therein, whether such production be from any existing oil, gas or other mineral lease or any future oil, gas or other mineral lease which may hereafter be executed as well as any such lease which may be executed by the devisees and legatees and their assigns of such real estate and the mineral interest therein, and I hereby give, devise and bequeath the same as a life estate only, as follows:

Ninety per cent (90%) of said royalty payments of other proceeds derived from production hereinbefore defined, shall be paid to my half-brother, M. E. Miller, also known as Estin Miller, for and during his lifetime; and

Ten per cent (10%) of said royalty payments or other proceeds derived from production hereinbefore defined, shall be paid to my half-brother, A. C. Miller, also known as Carl Miller, for and during his lifetime; and

Upon the death of each, the said M. E. Miller and A. C. Miller, then the portion of each decedent therein shall at the time of his death pass to and vest in and along with the remainder interest in such real estate and my mineral interest therein as is hereinafter given, devised and bequeathed in paragraph IV hereof."

On October 24, 1966, Mrs. McCaughan executed a codicil, the relevant part of which follows:

"IV.

That portion of paragraph II of my will dated the 22nd day of December, A. D.1961, wherein I gave, devised and bequeathed a life estate in the mineral estate in the land therein described is here-

by revoked, and in lieu thereof, I hereby give, devise and bequeath the same as a life estate only to my half-brother, M. E. Miller, also known as Estin Miller, for and during his lifetime; and upon the death of the said M. E. Miller, then such mineral interest shall pass to and vest in and along with the remainder interest in such real estate and my mineral interest therein as is thereinafter given, devised and bequeathed in paragraph IV of said will dated the 22nd day of December, A. D.1961; that is to say, my half-brother, M. E. Miller, shall have and is hereby given, devised and bequeathed a life estate in said minerals, rather than a portion thereof as is provided in paragraph II in said will dated the 22nd day of December, A.D.1961, and my half-brother, A. C. Miller, shall receive no part thereof, and the remainder over according to the terms and provisions of paragraph IV of said will dated the 22nd day of December, A.D.1961."

In 1952 Mrs. McCaughan signed an oil and gas lease including a portion of the 538⁶¹⁄₁₀₀ acre farm described in paragraph II of her will and production was thereafterwards obtained. By the terms of that lease Mrs. McCaughan was to be· paid a royalty of one-eighth of the production, that production to be delivered at the well or to be her credit into the pipe line. The lease permitted the lessee to purchase any royalty oil in its possession. After production had begun and up until October, 1965, apparently Cities Service Oil Company had purchased the production runs under the lease. At that time Clark Oil and Refining Corporation succeeded Cities Service Oil Company as the purchaser of runs on this lease. Clark mailed to Mrs. McCaughan a division order requesting that she sign and return it. Mrs. McCaughan never signed Clark's division order and she had accumulated a royalty credit of $5,654.14 with Clark during that period. The executor of the McCaughan estate signed Clark's division order, and Clark paid to the executor $5,654.14, that sum being the subject of this lawsuit.

Appellants claim that Mrs. McCaughan deliberately did not sign the division order intending that the accumulated production runs to be "all royalty payments or other proceeds derived from the production of oil or gas, or either of them" due M. E. Miller under paragraph II of the will and paragraph IV of the codicil.

Without dispute the sum in controversy was derived from oil royalties credited to Mrs. McCaughan during her lifetime. All that the executor did was to reduce that accumulated credit to cash by signing the division order of Clark. Paragraph IV of the codicil, which expressly revoked paragraph II of the will, conferred upon appellant, M. E. Miller, a life estate in the "minerals" from the 538⁶¹⁄₁₀₀ acre farm. As such, Miller was not entitled to the royalties produced before the death of the testatrix. See Frame v. Whitaker, 7 S.W.2d 140 (Tex.Civ.App.1928), reversed on other grounds, Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152 (1931); 6 Page on Wills (1962 ed.) Sec. 59.7.

The judgment is affirmed.